Johnson, J.
delivered the opinion of the Court.
This cause was tried on the circuit by myself, and upon a careful review of all the questions that were then raised, aided by the arguments of the counsel here, I remain satisfied with the views then entertained, and with the instructions given to the jury; and in this my brethren concur with me, I will use the occasion, however, to express, something more at large, the views which I entertain on the leading question in the case, which is somewhat a novel one in this Court. It is, whether the defendants are bound by the contract of Joseph Hughes, one of the firm of Joseph Hughes & Co. to sell the plaintiff’s cotton in Charleston, and to bring back, or remit him the proceeds.
The general rule, to which all assent, is, that the partners are bound by the contract of one, in relation to a subject matter wiiiiin the objects of the partnership; so that in all cases of tisis sort, it becomes a question, whether, in point of fact, the thing contracted about was within the objects of the partnership, The terms used to designate the objects of the partnership between the defendants are general, and express no more than an association to carry on the trade of boating on the river, on their joint account, and for their joint benefit; and their leading object was, doubtless, the profit to be derived from freights. They imply, however, and necessarily, all the incidents to the leading object. To' earn freight, boats properly manned, provisioned, and equipped, are indispensable; and hence' the obligation of the partners to share the cost of the boats, the hire of hands, provisions, &c.; and it is upon the faith of this joint liability that one partner obtains credit for the firm» *562 These things fail so directly within the objects of the partnership, that no one would question their-joint liability. But, in the mixed and multifarious transactions of men, it is sometimes difficult in a particular transaction to determine, whether it belongs to the actor in his individual, or partnership character; and in the solution of this difficulty, I know of no rule, so certain, practical, and safe, as the common opinion and usage of those most conversant with the business.
In the case of-v. Layfield, 1 Salk. 292, Holt, Chief Justice, held, that bankers, partners, were liable on the undertaking of one of the firm to pay the benefit of a lottery ticket, although it did not 'appear, that any other of the firm had undertaken to be trustees of the lottery. So in the case of Kemp v. Coughtry, 11 Johns. 107, which, in other respects, bears a very strong resemblance to the present, it was held by the whole Court, that the defendants, as partners, were, by usage, liable for money stolen from Coughtry, the proceeds of flour that he had taken, on freight from Albany to New-York, on board a vessel engaged in that trade, of which he was master, and part owner.
On the subject of the usage of this particular trade, there is no contrariety of evidence. The witnesses all agree, that from the first navigation of Broad River, down to the present day, boatmen have been in the habit of selling, particularly small parcels and crops of cotton, which they bad carried on freight, when instructed so to do: and independently of the positive evidence, it is obvious, that they incur the hazard of losing the money on their return, as an inducement to the planters to give them their cotton on freight; and that this service is rendered on account of, and as a partial equivalent'for, the freight.’
This usage, and its legal consequences, are distinctly recognized in the case of Mooreman v De Graffenread, 2 Mill, 195. Títere it was held, that the defendant was liable to pay commissions on sales of cotton made by the plaintiff, who had carried it on freight; on the ground of a special contract to pay commissions, although by the usage of this identical trade, boatmen, who sold cotton, were not intitled to commissions, the freight being a sufficient compensation.
It is no objection to the usage, that boatmen sometimes refuse to sell; or that others never have been requested to do so. A *563 partner may refuse to enter-into a contract by which his firm may be bound, but if he does, they are bound of course.
Colcock, J. and Evans, J. concurred.
Motion refused.